```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

LARRY COFFMAN,                    )
                                  )
        Plaintiff,         )
                                  )
        v.                 )    No. 4:05CV01765 TCM
                                  )
ALAN BLAKE, et al.,               )
                                  )
        Defendants.        )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary, declaratory, and injunctive relief in this action brought pursuant to 28 U.S.C. § 1983. The named defendants are Alan Blake (SVP Administrative Director), Dr. Jon Rosenboom, Dr. Phillips, and "Unknown MSOTC Members."

Liberally construing the complaint, plaintiff is challenging the constitutionality of Missouri's Sexually Violent Predators Act ("SVPA"), Mo. Rev. Stat. §§ 632.480-513, under which he is involuntarily confined.[1] Plaintiff seems to be alleging that

---

[1]Missouri's Sexually Violent Predators Act authorizes the civil commitment of persons who suffer from a mental abnormality

2

the SVPA is punitive and that the sexual offender program at the Farmington Treatment Center is inadequate. In addition plaintiff claims that defendants have denied him access to the courts.

## Discussion

A. Claims challenging the constitutionality of the SVPA.

A favorable ruling on plaintiff's § 1983 claim that Missouri's SVPA is unconstitutional would necessarily imply the invalidity of plaintiff's current confinement. Habeas corpus, however, is the proper mechanism for an inmate to challenge either the fact or length of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Even if the Court liberally construed this action as a federal habeas corpus action, there is no indication that plaintiff has previously presented his claims relative to the unconstitutionality of § 632.480 to a Missouri state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. It appears that plaintiff would have the opportunity to assert his claims in the

---

that makes them more likely to engage in predatory acts of sexual violence if not confined in a secure facility. See Mo. Rev. Stat. 632.480, et seq.

civil commitment proceedings, and if necessary, on direct appeal.

B.  42 U.S.C. § 1983 claims

To the extent that plaintiff is claiming that the sexual offender program at the Farmington Treatment Center is a medical service and is inadequate under the Due Process Clause of the Fourteenth Amendment, he "must show that any medical deprivation is objectively serious" and that defendants "are acting with deliberate indifference to his needs." Tineybey v. Peters, 2001 WL 527409 (N.D.Ill.).[2]  "Dissatisfaction with a medical program or disagreement with how a medical program is run . . . is not indicative of deliberate indifference . . . and by itself, cannot support a § 1983 claim." Id. Plaintiff's allegations simply are not cognizable as a constitutional violation.

Plaintiff's access-to-the-courts claim is legally frivolous, because he has alleged no facts indicating that he was prejudiced by defendants' alleged actions. See Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991); Grady v. Wilken, 735 F.2d 303, 306 (8th Cir. 1984).

Last, the Court notes that, in general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may

---

[2]Cf. Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 906 (8th Cir. 1999)(Fourteenth Amendment entitles pretrial detainees to at least as great protection as that afforded convicted prisoners under Eighth Amendment; Eighth Circuit has yet to settle on clearly binding standard).

4

proceed against a party whose name is unknown, however, if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.  Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985).  In the case at hand, the complaint does not contain allegations specific enough to permit the identity of "Unknown MSOTC Members" to be ascertained after reasonable discovery.  This is not permissible.  See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Therefore, having carefully considered plaintiff's claims, the Court concludes that the instant action is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 20th Day of December, 2005.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**